**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
———————————————————————————

**UNITED STATES OF AMERICA,**

                              **Plaintiff,**

          **v.**                                              **12-CR-144A**

**TERRANCE BAYLOR,**

                              **Defendant.**
———————————————————————————

## REPORT, RECOMMENDATION AND ORDER

        This case was referred to the undersigned by the Hon. Richard J. Arcara,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

upon dispositive motions.


## PRELIMINARY STATEMENT

        The defendant, Terrance Baylor ("the defendant"), is charged in a multi

count indictment with having violated Title 21 U.S.C. §§ 841(a)(1) and 856(a)(1)

(Counts 1 and 2), Title 18 U.S.C. §§ 922(g)(1) and 924(c)(1) (Counts 2 and 4) along

with a forfeiture count pursuant to Title 18 U.S.C. §§ 924(d) and 3665 and Title 28

U.S.C. § 2461( c).  The defendant has filed a motion seeking to "suppress any evidence

that the government would seek to use against him at trial found pursuant to a search

of 165 Box Street in Buffalo, New York, which was defendant's residence."  Dkt. #40, p.

4, ¶ 13 The defendant has also filed a motion seeking to suppress statements allegedly

made by him to law enforcement officers on the basis that such statements "were not

preceded by the requisite so-called 'Miranda Warnings' or other constitutional safeguards such that [his] statements were unlawfully obtained."  Dkt. #29, p. 12, ¶ 32.

The government has filed its opposition to the defendant's motions.  Dkt. #s 20 and 41.

Oral argument on the defendant's motions was heard by this Court on December 4, 2013, and thereafter, this Court issued an Order directing that the "notes of the informant which served as a partial basis for the issuance of the search warrant for 165 Box Street, Buffalo, New York on February 7, 2012" by the Buffalo City Court Judge be produced to this Court for an *in camera* review in resolving the defendant's motion to suppress physical evidence.  Notes made by Acting Buffalo City Court Judge Jeffrey F. Voelkl were delivered to this Court along with a covering Memorandum on December 13, 2013 pursuant to the aforesaid order.  The matter was then taken under advisement by this Court.

## **FACTS**

On February 7, 2012, Lt. Paul R. Delano of the Buffalo Police Department ("BPD") and a confidential informant ("CI") appeared before the Hon. Jeffrey F. Voelkl, Acting Buffalo City Court Judge, for purposes of obtaining a search warrant authorizing a search of the defendant's residence located at 165 Box Street, Buffalo, New York. Lt. Delano submitted a sworn affidavit in support of the warrant application, and the informant was placed under oath by Judge Voelkl and provided "in camera testimony" in

support of the warrant application.  Dkt. #29, Exhibit A attached thereto.  Judge Voelkl

made "short hand" notes setting forth the substance of the CI's sworn testimony given

in support of the search warrant application seeking a search warrant authorizing the

search of the defendant's residence located at 165 Box Street, Buffalo, New York.

These notes, reviewed by this Court *in camera*, reveal that the CI knew the defendant

for a number of years and had purchased drugs from him at his residence located at

165 Box Street, Buffalo, New York.  Reference is also made in the judge's notes to a

"defaced firearm" and "guns" "at [the] house."  Lastly, the CI testified that he/she had

purchased "crack" on recent specified days from the defendant.  The sheet on which

the judge's notes were written was signed by the CI.


## DISCUSSION AND ANALYSIS

### 1.    Suppression of Physical Evidence:

In his motion seeking "suppression of physical evidence," the defendant

has failed to provide an affidavit setting forth factual data supporting his claim of lack of

probable cause for the issuance of the search warrant for his residence at 165 Box

Street, Buffalo, New York.  Instead, all that is submitted is the speculation of defense

counsel opining that "the informant was not sufficiently reliable and had no basis of

knowledge regarding the subject matter of the testimony offered before the City Court

Judge." Dkt. #40, p. 5, ¶ 15.  The basis for his belief is found in the defense attorney's

statement that "review of the material disclosed to date, conversations with the

defendant, an independent investigation into this matter reveals that the informant in

this matter may have been a former girlfriend of the defendant against whom an Order of Protection was issued in the defendant's favor."  Dkt. #40, p. 3, ¶ 5.  Such speculation is legally insufficient to support a motion to suppress evidence or warrant a suppression hearing.

As the Court of Appeals for the Second Circuit has stated:

> A plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden.  "[W]here [the] circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. . . .  [T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).  In particular, where the officer requesting the search warrant relies on an informant, the magistrate's role is to examine the totality of the circumstances and to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.  And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.  *Illinois v. Gates,* 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)); *see United States v. Feliz-Cordero*, 859 F.2d 250, 252-53 (2d Cir. 1988).

*Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991).

In the case at bar, Judge Voelkl was presented with a sworn affidavit from Lt. Delano and the face-to-face sworn testimony of a confidential informant in support of the application for the search warrant authorizing the search of the defendant's residence at 165 Box Street, Buffalo, New York.  The fact that the CI spoke to the judge in person while under oath increases his/her reliability because he/she "runs the greater risk that he [she] may be held accountable if his [/her] information proves false."  *United States v. Gagnon*, 373 F.3d 230, 236 (2d Cir. 2004), quoting *United States v. Salazar*, 945 F.2d 47, 50-51 (2d Cir. 1991); *United States v. Steppello*, 664 F.3d 359, 365 (2d Cir. 2011).

This Court's *in camera* review of Judge Voelkl's notes reflecting the sworn testimony of the CI causes me to conclude that sufficient probable cause for the issuance of the search warrant authorizing the search of defendant's residence was established.  Deference should be given to Judge Voelkl's decision to issue the search warrant in question.  *See, e.g., Illinois v. Gates*, 462 U.S. at 236; *Ornelas v. United States*, 517 U.S. 690, 696 (1996).

Therefore, I find that defendant's unsworn, speculative basis for suppressing the use of the evidence seized from his residence at 165 Box Street, Buffalo, New York pursuant to a lawfully issued search warrant is without legal merit and recommend that such motion be denied.  *United States v. Aiello*, 814 F.2d 109, 113-114 (2d Cir. 1987); *United States v. Solano*, 300 Fed. Appx. 83, 85 (2c Dir. 2008).

2.      **Suppression of Statements:**

The defendant also seeks suppression of his statements he made to law

enforcement by claiming in a sworn affidavit "that at no time were *Miranda* warnings

stated to me by Buffalo police officers" and that the statements attributed to him, as set

forth in the BPD Form 710.30 attached as Exhibit B to his affidavit, "are inaccurate

and/or misconstrued."  Dkt. #29, p. 15, ¶s 7 and 8.  He further asserts that "no

statements were given by [him] in a voluntary fashion."  Dkt. #29, p. 15, ¶ 8.


The government in response argues that the defendant "fails to provide

any allegations of fact to support" his claims.  Dkt. #30, p. 15.  As a result, it "objects to

suppression and further objects to an evidentiary hearing in this matter" on the basis

that the "defendant failed to submit a detailed affidavit sworn to by the defendant" so as

to necessitate an evidentiary hearing.  Dkt. #30, p. 15.  This Court totally disagrees with

the government's assertions.  As the Court of Appeals for the Second Circuit has ruled:

> An assertion that *Miranda* warnings were not given, when
> the government asserts to contrary, thus creates a specific
> factual dispute.  That dispute cannot properly be resolved
> without an evidentiary hearing.

*United States v. Mathurin*, 148 F.3d 68, 69 (2d Cir. 1998).

The defendant has sufficiently established a legal basis for requiring the

holding of an evidentiary hearing on the issue of the voluntariness of his alleged

statements to police officers and, therefore, such hearing will be held by this Court.

Upon completion of that hearing and submission of post-hearing legal memoranda, this

Court will make its Report and Recommendation with regard to the defendant's motion to suppress his statements.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with Fed. R. Crim. P. 59(b)(2).

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules for the Western District of New York, written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made,

and the basis for each objection, and shall be supported by legal authority. **Failure to comply with the provisions of Local Rule 59(b)(2), may result in the District Judge's refusal to consider the objection.**

In accordance with the requirements set forth in Local Rule 59(b)(3), "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." **Failure to comply with the provisions of Local Rule 59(b)(3), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
           January 9, 2014

                            *S/ H. Kenneth Schroeder, Jr.*
                            **H. KENNETH SCHROEDER, JR.**
                            **United States Magistrate Judge**

-8-